1:IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **PAM EDDINS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v.  ) | **CIVIL ACTION NO.: 1:24-826** |
| ) | |
| **TCBC DEVELOPMENT COMPANY,** ) | |
| **d/b/a THE CROSSING AT BIG CREEK,** ) | |
| ) | **JURY DEMAND** |
| **Defendant.** ) | |

## COMPLAINT

### I.  INTRODUCTION

1.  This is an action alleging disability discrimination in violation of Title I of the Americans with Disabilities Act, as amended ("ADA"), 42 U.S.C. 12101 et. seq., brought by Pam Eddins.  Plaintiff is a qualified individual with a disability.  Plaintiff alleges that Defendant discriminated against her based on her disability, her record of disability, and Defendant's perception of Plaintiff as disabled, in violation of the ADA.  Plaintiff seeks injunctive relief, equitable relief, reinstatement, lost wages and benefits, compensatory damages, punitive damages, and reasonable attorney fees and costs.

### II.  JURISDICTION

2.      This Court has jurisdiction in accordance with 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391.

3.      Plaintiff has fulfilled all conditions precedent to the institution of this action under Title I of the ADA.  Plaintiff timely filed her charge of discrimination within 180 days of the occurrence of the last discriminatory act and the Equal Employment Opportunity Commission investigated.  On September 9, 2024, the EEOC issued a Letter of Determination.  The EEOC found that,

> Evidence obtained through the investigation supports Charging Party's allegation that Respondent unlawfully discriminated against her on the basis of her disability. Respondent has failed to identify any undue hardship that would have been caused by allowing additional unpaid leave. Instead of engaging in the interactive process, the Respondent terminated the Charging Party s employment. In doing so, the Respondent violated the ADAAA.
>
> I have determined that the evidence obtained in the investigation establishes reasonable cause to believe that the Charging Party was discriminated against in violation of Title I of the Americans with Disabilities Act Amendments Act of 2008.

After conciliation efforts were unsuccessful, the EEOC issued a Right to Sue Notice on October 8, 2024.  Plaintiff timely filed this lawsuit.

### III.   PARTIES

4.     Plaintiff, Pam Eddins, is an individual over the age of 19 years and is a resident of Dothan, Houston County, Alabama.  Plaintiff is an individual with a disability, has a history of a disability, and is regarded by Defendant as disabled. Despite this disability, with or without reasonable accommodation, Plaintiff could perform the

essential functions of her position. Consequently, Plaintiff is a qualified individual, as defined under the ADA.

5. Defendant TCBC Development Company, d/b/a/ The Crossing at Big Creek (hereinafter "TCBC") is an "employer" as defined under the ADA and subject to compliance with the ADA. 42 U.S.C. 12111(5). Defendant owns and operates a complex with entertainment and lodging facilities in Dothan, Houston County, Alabama.

**IV.    FACTUAL ALLEGATIONS**

6. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs above with the same force and effect as if fully set out in specific detail herein below.

7. On or about September 13, 2021, Defendant TCBC hired Plaintiff Pam Eddins to work at its Dothan, Alabama complex as a maintenance employee in the Housekeeping Department.

8. As a maintenance employee in the Housekeeping Department, Eddins was responsible for cleaning various areas of the complex, including the gaming floor, the restrooms, the offices, guest cabins, hallways, RV bath house, and other common areas.

9. Eddins worked with five or six other maintenance employees on her shift, who all had the same job title and were all responsible for completing the same job duties.

10. Eddins performed her job well.

11.     Eddins's supervisor was Lori Brock.

12.     On or about April 13, 2022, Eddins injured her back at home.

13.     Eddins has been diagnosed with back conditions, including facet arthropathy and anterolisthesis.  These conditions adversely impact the normal functioning of Plaintiff's spine.  When the conditions flare up, they can cause extreme pain, and Plaintiff is unable to perform activities such as standing or walking.

14.     Eddins's back conditions were aggravated by her injury.

15.     As a result of her injury, Eddins's treating professionals recommended that she be on bed rest beginning on April 14, 2022 and obtain certain testing.

16.     Eddins informed her supervisor, Brock, of her back impairment and doctor's recommendation to be off work.

17.     At that time, Eddins had PTO time available to cover her absences.

18.     On April 27, 2022, Eddins's Certified Registered Nurse Practitioner at her doctor's office wrote a note, briefly describing Eddins's back condition, and advising that Eddins could return to work on May 2, 2022 with the following restrictions: "no lifting over 5 pounds, standing over 30 minutes, bending."

19.     Eddins called Brock and said she could return to work on May 2, 2022.

20.     On the morning of May 2, 2022, Eddins arrived at work.  As usual, she and her co-workers decided how to divide up their tasks among each other before beginning work.

21. Eddins informed her co-workers about her restrictions. Eddins and her co-workers agreed to divide up the tasks so that Eddins could take a five-minute break from standing every thirty minutes and would not have to lift anything over 5 pounds. On her own, Eddins was able to modify her task performance so that she did not bend at the waist during her job.

22. Eddins's co-workers expressed no problems or concerns with these accommodations and the group of maintenance employees were getting their tasks completed as usual.

23. Approximately two hours into Eddins's shift, Brock arrived at the complex and Eddins provided her return to work note to Brock.

24. Brock said Eddins could not do the maintenance job with restrictions.

25. Eddins tried to explain how she and her co-workers planned to work together and adjust tasks to accommodate Eddins, but Brock just said again that Eddins could not work with restrictions.

26. Then Brock took Eddins to see Loretta Berry, Defendant's Vice President of Human Resources. Berry said that there was a light duty position available answering phones, but the transfer had to be approved by Ken Kline, Defendant's President.

27. Eddins went back to work, but just a few minutes later, Brock told Eddins that Kline had not approved the transfer.

28. No one spoke with Eddins about other light duty jobs.

29. On information and belief, at this time, there were additional open positions, including working the front desk on second shift with the hospitality department.

30. Eddins could have worked in other open positions with or without reasonable accommodations as of May 2, 2022.

31. No one discussed with Eddins other accommodations that might allow her to perform the essential job duties of the maintenance position.

32. Brock told Eddins to turn in her badge because she was fired. Brock said Eddins could re-apply in 6 months.

33. Eddins was escorted out of the building.

34. On May 6, 2022, Brock called Eddins and said that if Eddins could get cleared for regular duty with no restrictions by May 14, 2022, Defendant would allow her to return to work.

35. Eddins told Brock that her next doctor's appointment was not until May 16, 2022. Brock said Eddins could have an additional two days to get a new doctor's note.

36. On May 16, 2022, Eddins met with her doctor and discussed her recent CT scan. The doctor told Eddins that, based on her back conditions, he wanted to get an MRI before making a decision about fully releasing Eddins to return to work. As a

result, Eddins understood that she continued to have the same restrictions as before, until she could get an MRI and meet with the doctor about the results.

37. Eddins called Brock after she left the doctor's office and told her about her back impairment, ongoing restrictions, and plan of treatment.

38. Eddins reiterated that she wanted to return to work, either on light duty in her own position or in another position.

39. Brock said that because Eddins still had restrictions as of May 16, 2022, Eddins was terminated.

40. On May 16, 2022 Defendant did not speak with Plaintiff about reasonable accommodations or otherwise engage in the interactive process.

41. Defendant did not discuss extending Plaintiff's unpaid leave of absence.

42. To the extent that any of Eddins's job duties as a maintenance employee in the Housekeeping Department would have been impacted by her doctor's restrictions resulting from her back impairment, Eddins could have accomplished the duties with reasonable accommodations.

43. Alternately, there were other jobs at TCBC which Eddins could have performed with or without accommodations and in keeping with her doctor's restrictions.

44. Defendant did not discuss reasonable accommodations with Eddins.

45. Providing reasonable accommodations to Eddins would not have been an undue hardship on Defendant.

46. Defendant intentionally discriminated against Plaintiff based on her disability, by failing to reasonably accommodate her and by terminating her employment, in violation of the Americans with Disabilities Act, as amended.

47. In denying Plaintiff employment and/or reasonable accommodations related thereto, Defendant intentionally, willfully, and maliciously discriminated against Plaintiff on the basis of her disability, in complete disregard for her federally protected rights.

48. As a result of Defendant's actions, Plaintiff has suffered extreme harm, including, but not limited to, loss of employment opportunities, denial of wages, compensation, and other benefits and conditions of employment. Additionally, Plaintiff has suffered injury including pain, humiliation, emotional distress, mental anguish and suffering, and loss of enjoyment of life.

## V. CAUSES OF ACTION

49. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs above with the same force and effect as if fully set out in specific detail herein below.

50. Plaintiff is a person with a disability, as that term is defined by the Americans with Disabilities Act. Plaintiff also has a record and history of a disability; and Defendant regarded Plaintiff as disabled. See 42 U.S.C. 12102.

51. Defendant is a covered entity and an employer in accordance with 42 U.S.C. 12111(5).

52. Plaintiff is a qualified individual as defined under the ADA. Despite Plaintiff's disability, with or without reasonable accommodation, she is able to perform the essential functions of the job of maintenance employee in the Housekeeping Department and other positions. See 42 U.S.C. 12111.

53. Under the ADA, Defendant is prohibited from discriminating against Plaintiff, a qualified individual, on the basis of disability in regard to, *inter alia*, job benefits, discharge, and other terms, conditions, and privileges of employment. 42 U.S.C. 12112(a).

54. The ADA's protection against discrimination also prohibits utilizing standards, criteria, or methods of administration that have the effect of discrimination on the basis of disability. 42 U.S.C. 12112(b)(3)(A).

55. Defendant violated the ADA by failing to provide Plaintiff with reasonable accommodations. 42 U.S.C. 12112(b)(5)(A).

56. Defendant refused to engage in the interactive process in response to Plaintiff's requests for accommodations. Such accommodations would not have imposed an undue hardship on the operation of the Defendant's business.

57. In terminating the Plaintiff, Defendant has maliciously, intentionally, and with reckless disregard discriminated against Plaintiff due to her disability, her record of disability, and Defendant's perception of Plaintiff as disabled. See 42 U.S.C. 12112.

58. Defendant has no legitimate, non-discriminatory reason for its conduct.

59. As a proximate result, Plaintiff has suffered extreme harm including, but not limited to, loss of employment, denial of wages, compensation, and other benefits and conditions of employment. Plaintiff has also suffered injury, including pain, humiliation, mental anguish and suffering.

## VI. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment practices, policies, procedures, conditions, and customs that led to the discrimination by Defendant violate Plaintiff's rights as secured by the Americans with Disabilities Act, 42 U.S.C. 12101, et seq. ("ADA").

2. Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with the Defendant and at the Defendant's request, from continuing to violate the ADA.

3. Enter an Order requiring the Defendant to make Plaintiff whole by awarding Plaintiff reinstatement, back-pay (plus interest), lost benefits, and compensatory, punitive, and nominal damages.

4. Plaintiff further prays for such other and further relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees and expenses incurred by this litigation.

5. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged in this suit, and this action for injunctive, declaratory and other relief is her only means of securing adequate relief.

Respectfully submitted,

*/s/ Rachel L. McGinley*
Rachel L. McGinley
Alabama State Bar Number: 1892-A64M
WIGGINS, CHILDS, PANTAZIS, FISHER & GOLDFARB
301 19th Street North
Birmingham, Alabama 35203
(205) 314-0500
Email: rmcginley@wigginschilds.com

Counsel for Plaintiff

**PLAINTIFF HEREBY DEMANDS TRIAL BY STRUCK JURY.**

Plaintiff requests this Honorable Court to serve via certified mail upon the Defendant the following: Summons, Complaint.

**DEFENDANT'S ADDRESS:**

TCBC Development Company, Inc.
d/b/a The Crossing at Big Creek
c/o Thomas Parish
3201 Montgomery, Hwy., Suite 10
Dothan, Alabama 36303

                                              */s/ Rachel L. McGinley*
                                              OF COUNSEL